# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No:_____

**Plaintiff:**
STEELE STREET BANK & TRUST, as Conservator for
S.R., a minor,

v.

**Defendants:**
PELHAM STAPLES, M.D., and
CATHOLIC HEALTH INITIATIVES COLORADO, a Colorado Corporation,
d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL
_____

## COMPLAINT
_____

Plaintiff, by and through her attorneys, The Mahoney Law Firm, P.C., respectfully

submits the following Complaint:

## I. PARTIES

1.      S.R. is a citizen and resident of the state of California, who presently resides at the

following address: 5716 Lillian Drive, Kelseyville, California, 95451.

2.      S.R. is a minor and is mentally incompetent.

3.      Plaintiff Steele Street Bank & Trust (hereafter "SSBT"), acting by and through its

Executive Vice President, Daniel Rich, is the duly-appointed legal representative (i.e.

conservator) for S.R.

4.      Defendant Pelham Staples, M.D., is a citizen and resident of the state of Colorado,

who is located at the following address: 1335 Phay Ave., Suite B, Canon City, Colorado, 81212.

5.     Defendant Catholic Health Initiatives Colorado d/b/a Centura Health-St. Thomas More Hospital, is a citizen and resident of the state of Colorado, and is located at 1338 Phay Ave., Canon City, Colorado, 81212.

## II. JURISDICTION AND VENUE

6.     The sum in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

7.     This Court has subject matter jurisdiction in this case on the basis of complete diversity of citizenship, pursuant to 28 U.S.C. §1332.

8.     Venue is appropriate in this court pursuant to 28 U.S.C. §1391, because (1) both Defendants reside in this judicial district, (2) a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, and (3) both Defendants are subject to personal jurisdiction in this judicial district at the time this action is commenced.

## III. GENERAL ALLEGATIONS

9.     Plaintiff incorporates all previous allegations of this Complaint.

10.    At all times relevant to this Complaint, Defendant Catholic Health Initiatives Colorado (hereafter referred to as "CHIC") was a Colorado corporation, duly authorized to conduct business in the state of Colorado.

11.    At all times relevant to this Complaint, Defendant CHIC was doing business in the state of Colorado by operating a hospital under the name of St. Thomas More Hospital and/or Centura Health-St. Thomas More Hospital (hereafter referred to as "Defendant Hospital").

12.    At all times relevant to this Complaint, Defendant Staples was, and is, licensed to practice medicine in the state of Colorado, and was actually practicing medicine as a specialist in the field of obstetrics and gynecology.

13.     At all times relevant to this Complaint, K.R. (S.R.'s mother) was a patient of Defendant Staples.

14.     On March 1, 2001, K.R. was admitted to Defendant Hospital for a planned induction of labor.

15.     At all times relevant to this Complaint, Defendant Hospital held itself out to the public in general, and to K.R. in particular, as a hospital with facilities, personnel, and capabilities to handle obstetrical patients.

16.     On March 1, 2001, various employees of Defendant Hospital, including obstetrical nurses, provided care to K.R. At all times relevant to this Complaint, these employees were acting within the course and scope of their employment with Defendant Hospital.

17.     On March 1, 2001, Defendant Staples administered prostaglandin gel to K.R. to induce labor.

18.     Defendant Staples documented that he administered 1.0 milligrams of prostaglandin gel intracervically to his patient, K.R.

19.     Nursing employees of Defendant Hospital documented that their patient, K.R., received 1.5 milligrams of prostaglandin gel.

20.     After the administration of the prostaglandin gel, K.R. experienced uterine hyperstimulation.

21.     After the administration of the prostaglandin gel, the electronic fetal heart rate monitor strip showed signs of fetal distress.

22.     Defendant Staples performed an emergency cesarean section delivery of S.R.

23.     The time of birth was 8:13 a.m. on March 1, 2001.

24.     S.R.'s Apgar scores were 1 at 1 minute, 1 at 5 minutes, and 2 at 10 minutes.

25. S.R. received resuscitative measures, including endotracheal intubation, external cardiac massage, and administration of life saving drugs.

26. On March 1, 2001, S.R. was transferred to Memorial Hospital in Colorado Springs.

27. Indications for the transfer to Memorial Hospital included respiratory distress, metabolic acidosis, and perinatal hypoxia.

28. At Memorial Hospital, S.R. was diagnosed with perinatal hypoxia and acidosis, with uterine hypertonia as the likely cause.

29. S.R. has been diagnosed with spastic quadriplegia and cognitive impairment.

30. S.R. is under the age of eighteen years.

31. S.R. is mentally incompetent.

32. S.R. has been a "person under disability," pursuant to Colorado law, since the time of her birth.

33. Steele Street Bank & Trust was appointed the legal representative (i.e. conservator) for S.R. on January 23, 2012.

## IV. FIRST CLAIM FOR RELIEF

### Defendant St. Thomas More Hospital

34. Plaintiff incorporates by reference all previous allegations of this Complaint.

35. Defendant Hospital and its employees were negligent in at least, but not limited to, the following particulars:

    a. In allowing the administration of 1.0 milligrams or 1.5 milligrams of prostaglandin gel to K.R.

    b. In failing to properly interpret the electronic fetal heart rate monitor strip.

    c.  In failing to notify Defendant Staples of abnormalities on the fetal heart rate monitor strip in a timely fashion.

    d.  In failing to take appropriate steps to ensure that a cesarean section delivery could be accomplished in a timely fashion.

36.    As a direct and proximate result of the negligence of Defendant Hospital and its employees, S.R. suffered injuries, damages, and losses, including past and future medical and life care expenses, lost earnings, lost home services, physical impairment, disfigurement, pain and suffering, inconvenience, emotional stress, and loss of enjoyment of life.

## V. SECOND CLAIM FOR RELIEF

### Defendant Pelham Staples, M.D.

37.    Plaintiff incorporates by reference all previous allegations of this Complaint.

38.    Defendant Staples was negligent in at least, but not limited to, the following particulars:

    a.  In administering 1.0 milligrams or 1.5 milligrams of prostaglandin gel to K.R.

    b.  In failing to properly interpret the electronic fetal heart rate monitor strip.

    c.  In failing to respond in a timely manner when he was notified of abnormalities on the fetal heart rate monitor strip.

    d.  In failing to take appropriate steps to ensure that a cesarean section delivery was accomplished in a timely fashion.

39.    As a direct and proximate result of Defendant Staples's negligence, S.R. suffered injuries, damages, and losses, including past and future medical and life care expenses, lost earnings, lost home services, physical impairment, disfigurement, pain and suffering, inconvenience, emotional stress, and loss of enjoyment of life.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.  For past and future economic damages, including but not limited to medical expenses, life care expenses, lost earnings, lost home services, and economic damages resulting from physical impairment and/or disfigurement.

B.  For past and future noneconomic damages, including but not limited to pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and noneconomic damages resulting from physical impairment and/or disfigurement.

C.  For pre-judgment interest as provided by law.

D.  For post-judgment interest as provided by law.

E.  For costs of suit, including but not limited to expert witness fees.

F.  For such other and further relief as the Court deems proper.

Respectfully submitted this 8th day of June, 2012.

THE MAHONEY LAW FIRM, P.C.

By: s/ Paul M. Mahoney, #23298
Dennis M. Mahoney, #2484
Paul M. Mahoney, #23298
Kevin S. Mahoney, #26154
3300 East 1st Avenue, Suite 480
Denver, CO 80206
Telephone:  303-987-2210
Telecopier:  303-987-0045
E-Mail: paul@mahoneylaw.com
*Attorneys for Plaintiff*

Plaintiff's Address:
5716 Lillian Drive
Kelseyville, CA  95451