IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01505-CMA-MEH

STEELE STREET BANK & TRUST, as Conservator for S.R., a minor,

    Plaintiff,

v.

PELHAM STAPLES, M.D., and
CATHOLIC HEALTH INITIATIVES COLORADO, a Colorado corporation, d/b/a St. Thomas More Hospital,

    Defendants.

## PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION

**Michael E. Hegarty, United States Magistrate Judge.**

THIS MATTER comes before the Court on the parties' Second Stipulated Motion for Protective Order Re: Protected Health Information. Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of protected health information ("PHI"), IT IS ORDERED:

1. Any of Plaintiff S.R.'s (and her mother, K.R.'s) medical records and/or other protected health information (collectively referred to as "PHI" or "Plaintiffs' PHI") which are provided to Defendants or obtained by Defendants shall be used solely and exclusively by Defendants for the purposes of defending this litigation, except as permitted under paragraph 2, below.

2. Defense counsel shall use Plaintiffs' PHI only as needed in the defense of this specific civil litigation. Defense counsel shall not unnecessarily disseminate any of Plaintiffs' PHI to any third party, other than individuals related to the defense of the present litigation, including but not limited to: treating health care providers, expert witnesses retained by either Defendants or Plaintiff, Defendants' professional liability insurers, and Plaintiff or Defendants

themselves. However, Defendants' counsel shall be permitted to retain a copy of such records solely for their own files in a manner and for the time period required by Colorado law, including Colorado statutes, rules, and/or the Colorado Rules of Professional Conduct. Defendants' liability insurers shall be permitted to retain a copy of such records solely for their own files in a manner and for the time period required by law, including Colorado and/or federal regulations.

3.  The parties shall instruct any expert witnesses or other third parties, to whom Plaintiffs' PHI is provided, that no dissemination of Plaintiffs' PHI outside this subject litigation is allowed. Any disclosure of Plaintiffs' PHI shall be limited to that necessary to accomplish the purpose of prosecuting and/or defending this litigation. See, e.g., 45 C.F.R. § 164.502.

4.  Upon resolution of this litigation, Defendants agree that all copies of Plaintiffs' medical records and/or other PHI in their possession, or in the possession of any expert witness retained by Defendants, or in the possession of any other third parties (such as consulting experts or liability insurers), shall either be returned to Plaintiff's counsel or shall be destroyed, except as permitted under paragraph 2, above. All original medical records shall be returned to the proper records custodian at the conclusion of the case.

5.  In the event of a settlement or verdict for the Plaintiff, the Defendants shall be permitted to disclose Plaintiffs' PHI to the Colorado Board of Medical Examiners, or similar governing boards.

6.  Defendants agree to provide Plaintiff's counsel with copies of all documents which they obtain with any releases provided to them by Plaintiff, at Plaintiff's expense. This order shall apply to all of Plaintiffs' PHI produced in this litigation, whether produced before or after entry of this order.

7.  By producing certain medical records and/or other PHI in this matter, Plaintiff S.R. (and her mother, K.R.) shall not be deemed to have waived any privileges. If information produced in

disclosure or discovery is subject to a claim of privilege, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for determination of the claim. The producing party must preserve the information until the claim is resolved.

8.     By producing certain medical records and/or other PHI in this matter, Plaintiff S.R. (and her mother, K.R.) shall not be deemed to have waived any rights or privileges they would otherwise have retained by refusing to produce the medical records and/or other PHI.

9.     A party may object to the designation of record(s) as privileged, confidential, or otherwise non-discoverable by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as privileged, confidential, or otherwise non-discoverable to file an appropriate motion requesting that the Court determine whether the disputed information is discoverable. If such a motion is timely filed, the disputed information shall be treated as confidential and non-discoverable under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as privileged, confidential, or otherwise non-discoverable and shall thereafter be treated as discoverable in accordance with this Protective Order. In connection with a motion filed under this provision, the burden of proof shall be as provided by law for matters relating to discoverability, privileges, etc. In connection with a motion

filed under this provision, the party designating information as privileged, confidential, or otherwise discoverable may submit the designated information for in camera review by the Court.

10.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated and entered at Denver, Colorado, this 15th day of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4